# EXHIBIT "B"

THE CIRCUIT CIVL COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL ACTION NO:

RAPHAEL GARRETT
    Plaintiff,                                  Case No:.

v.

R.E. MICHEL COMPANY
    Defendant.
_____/

## COMPLAINT

**Preliminary Statement of Fact:**

1. Plaintiff, was an employee of Defendant, a for profit corporation and brings this action for relief under that 42 U.S.C 1981 and seeks all relief available under the above referenced laws.

2. Plaintiff worked as a driver for Defendant from 2017 through to the date of termination in 2019.

3. Plaintiff is domiciled in Orange County, Florida.

4. Defendant is a corporation domiciled in Hillsborough County, Florida.

5. Defendant conducts business and employed Plaintiff in Orange County, Florida and the amount in controversy exceeds $50,000.00.

6. All material events occurred in Orange County, Florida.

7. This lawsuit has been filed in a timely manner.

8. All prerequisites have been satisfied.

9. Plaintiff is a black male and therefore a member of a protected class.

10. Defendant is subject to 42 U.S.C 1981.

11. Plaintiff is entitled by virtue of 42 U.S.C. 1981 to be protected from racial discrimination and is further entitled to be free from retaliation in the work place for reporting to his employer Plaintiff's race based discrimination related complaints.

**General Factual Allegations:**

12. To the knowledge of Plaintiff, Plaintiff was an employee in good standing until he served Defendant with his written complaint of racially disparate treatment. Plaintiff made complaints of a racially disparate work place to Defendant during his period of employment and continuing, up to and including in 2019 when Plaintiff, again, in writing, complained to Defendant of Plaintiff's objections to being subjected to a racially disparate work environment.

13. Specifically, Plaintiff complained to Defendant that Defendant's managers and co-workers had subjected Plaintiff to racially disparate treatment in the work place.

14. Defendant, by and through its managers and employees, habitually disparated against Plaintiff on the basis of his race. Defendant subjected Plaintiff to disparate treatment on the basis of his race. Defendant continuously showed non-Black employees preferential treatment and Plaintiff was treated less favorably due to his race.

15. In fact, subsequent to Plaintiff's complaints regarding a racially disparate work place, Plaintiff was then subjected to retaliation for complaining about the aforementioned racially disparate treatment.

16. Plaintiff's complaints to Defendant included complaints to Plaintiff's manager, who was employed directly by Defendant. These complaints were not simply verbal, but also in writing.

17. Plaintiff complained to Defendant that Plaintiff's immediate supervisor had engaged in a pattern of racially motivated disparate treatment conduct that directly evidenced an impermissible and racially disparate work environment, which included, subjecting Plaintiff to standards far greater than his non-black co-workers.

18. Despite Plaintiff's complaints and despite the fact that the racially disparate treatment was directed at Plaintiff routinely and with vigor. Defendant took no remedial action and, instead, terminated Plaintiff for having complained about a racially disparate work place environment.

19. But for Plaintiff having complained in regard to racially disparate treatment being imposed upon Plaintiff as stated above, Plaintiff had no reason to fear for the loss of Plaintiff's employment and no reason to believe that Plaintiff's employment with Defendant was in danger.

20. The unwanted racially disparate treatment was premised in race and was directed towards Plaintiff on account of Plaintiff's race and would not have occurred but for Plaintiff's race. This treatment included, but was not limited to: imposing restrictions and discipline upon Plaintiff as a black male, whereas, such restrictions and discipline were not imposed similarly situated non black males.

**Count One**
**Race Discriminaiton in violation of 42 U.S.C. 1981**

21. Plaintiff hereby incorporates and re-alleges 1-20, above.

22. Defendant is a Black male and therefore a member of a protected class due to his race.

23. Plaintiff was employed by Defendant from approximately 2017 through 2019.

24. Defendant is engaged in interstate commerce by virtue or Defendant's business, which involves intra-state and interstate driving.

3

25. Plaintiff was subjected to racially disparate work place environment repeatedly throughout the period of time in which Plaintiff worked for Defendant.

26. Defendant consistently and habitually treated Plaintiff in a less favorable manner than non-Black employees in Defendant's workplace.

27. Defendnat treated Plainitff in a less favorable manner than non-Black employees because Plaintiff is a Black male.

28. Plaintiff was entitled to be treated in the same manner as non-Black employees and was entitled to receive the same terms, conditions, privileges, and benefits as the non-Black employees in Defendant's workplace.

29. 42 U.S.C. 1981, in pertinent part states "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other," thereby prohibiting employers such as Defendant from subjecting Plaintiff to a racially disparate workplace, and further prohibiting Defendant from retaliating against Plaintiff for having complained to Defedant about a racially disparate workplace.

30. Plaintiff reported and objected to the racially disparate work place which Plaintiff was subjected while employed by Defendant.

31. Under 42 U.S.C. 1981, Defendant was not permitted to subject Plaintiff to a racially disparate work place.

32. Despite the provisions of 42 U.S.C. 1981, Defendant both subjected Plaintiff to a racially disparate work place in violation of 42 U.S.C. 1981.

33. Plaintiff was damaged as a direct result of Defendant's discriminatory treatment.

### Count Two
### Retaliation in violation of 42 U.S.C. 1981

34. Plaintiff hereby incorporates and re-alleges 1-20, above.

35. Defendant is a Black male and therefore a member of a protected class due to his race.

36. Plaintiff was employed by Defendant from approximately 2017 through 2019.

37. Defendant is engaged in interstate commerce by virtue or Defendant's business, which involves intra-state and interstate driving.

38. Plaintiff was subjected to racially disparate work place environment repeatedly throughout the period of time in which Plaintiff worked for Defendant.

39. Defendant consistently and habitually treated Plaintiff in a less favorable manner than non-Black employees in Defendant's workplace.

40. Defendnat treated Plainitff in a less favorable manner than non-Black employees because Plaintiff is a Black male.

41. Plaintiff was entitled to be treated in the same manner as non-Black employees and was entitled to receive the same terms, conditions, privileges, and benefits as the non-Black employees in Defendant's workplace.

42. 42 U.S.C. 1981, in pertinent part states "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses,

5

and exactions of every kind, and to no other," thereby prohibiting employers such as Defendant from subjecting Plaintiff to a racially disparate work place.

43. Plaintiff reported and objected to the racially disparate work place which Plaintiff was subjected while employed by Defendant.

44. In fact, Plaintif complained and objected to Defendant's racially discriminatory treatment and behavior towards Plaintiff due to his race.

45. Plaintiff's complaints were made directly to Defendant in writing.

46. Plaintiff's complaints were made in good faith and were protected activities.

47. Under 42 U.S.C. 1981, Defendant was not permitted to retaliate against Plaintiff for his good faith complaints of racial discrimination to Defendant.

48. Despite the provisions of 42 U.S.C. 1981, Defendant retaliated against Plaintiff with extreme prejudice in direct response to Plainitff's good faith complaints about racial discrimination.

49. Defendant terminated Plaintiff's employment because Plaintiff complained about racial discrimination.

50. Plaintiff was damaged as a direct result of Defendant's retaliatory behavior.

### Jury Demand and Prayer for Relief

WHEREFORE, Plaintiff desires a trial by jury and judgment and all relief available under 42 U.S.C. 1981, including emotional distress, punitive, compensatory damages as well as reasonable attorney fees and costs and pre-judgment interest, not back or front pay.

/s/W. John Gadd
W. John Gadd, Esq.
Fl Bar Number 463061
Bank of America Building
2727 Ulmerton Rd. Ste. 250
Clearwater, FL 33762
Tel – (727)524-6300
Email – wjg@mazgadd.com

And

/S/ Kyle J. Lee
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com
Info@KyleLeeLaw.com